**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KULDEEP SINGH, | No. 21-70577 |
| Petitioner, | Agency No. A208-177-522 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2022**
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and VRATIL,*** District Judge.

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*  The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

Kuldeep Singh seeks review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from his final order of removal to India. The Immigration Judge ("IJ") denied his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and we deny his petition for review.

Singh argues that the BIA erred in dismissing his appeal because the IJ's adverse credibility determination was not based upon substantial evidence in the record. Where, as here, the BIA reviewed the IJ's credibility determination for clear error and relied upon the IJ's opinion and statement of reasons, we look to the IJ's decision as a guide to what lay behind the BIA's conclusion. *See Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). The agency's factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"[U]nder the REAL ID Act, credibility determinations are made—and must be reviewed—based on the 'totality of the circumstances and all relevant factors,' not a single factor." *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (abrogating the Ninth Circuit's single-factor rule for adverse credibility determinations). In assessing the "totality of the circumstances," an IJ may rely on statutory factors, like "demeanor," "candor," "responsiveness," "plausibility,"

2

"inconsistency," "inaccuracy," and "falsehood," as well as any other relevant factor. 8 U.S.C. § 1158(b)(1)(B)(iii). "For each factor forming the basis of an adverse credibility determination, the IJ should refer to specific instances in the record that support a conclusion that the factor undermines credibility." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010). An IJ may not selectively examine the evidence, but rather must provide a "reasoned analysis of the evidence as a whole" to support an adverse credibility finding. *Tamang v. Holder*, 598 F.3d 1083, 1093–94 (9th Cir. 2010).

There were inconsistencies in Singh's testimony on four factual matters: (1) whether he joined the Mann Party in April or December 2012; (2) whether he first began attending rallies in 2012 or 2014; (3) whether he received threats over the phone prior to his first alleged attack; and (4) who funded his travel to the United States. The BIA relied on these inconsistencies in determining that Singh was not credible. Because Singh had an opportunity at the hearing to explain these inconsistencies, and the IJ explained why she found them unpersuasive, the BIA did not err in relying on this evidence as part of its adverse credibility determination. *Shrestha*, 590 F.3d at 1043–44.

The BIA also relied on the IJ's determination that Singh's testimony regarding his lack of memory as to when he applied for his bank loan was

3

implausible. Because the IJ listed "specific, cogent reasons" for her implausibility finding, *Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005) (quoting *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003)), and because Singh had the opportunity to address the issue during his merits hearing; *Lalayan v. Garland*, 4 F.4th 822, 833–34 (9th Cir. 2021) (citing *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1093 (9th Cir. 2014)), the BIA did not err in relying on this factor in its adverse credibility determination.

The BIA also relied on the IJ's observations of Singh's demeanor and lack of responsiveness. In support of her adverse credibility determination, the IJ noted specific verbal and non-verbal cues in Singh's demeanor that made her doubt the veracity of his testimony. The BIA did not err in relying on the IJ's demeanor findings in support of its adverse credibility determination. *Ling Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014).

**PETITION DENIED.**

4